**Eric Olsen, Oregon Bar No. 783261**
Lead Attorney for Plaintiff
**David Johnson, Oregon Bar No. 123553**
Of Attorneys for Plaintiff
OlsenDaines, P.C.
US Bancorp Tower
111 SW 5th Ave., 31st Fl.
Portland, Oregon 97204
djohnson@olsendaines.com
Phone 503-362-9393

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **MICHAEL FULLER**, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>            v.<br><br>**COMCAST OF CALIFORNIA/ COLORADO/FLORIDA/OREGON, INC.**, a Georgia corporation,<br><br>            Defendant. | Case No. 3:15-cv-688<br><br>**CLASS ACTION ALLEGATION COMPLAINT**<br><br>Unfair Trade Practices<br>ORS 646.605 *et seq.*<br><br>Demand for Jury Trial |

1.

**JURISDICTION AND THE PARTIES**

This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because true diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, including class statutory damages, punitive damages, attorney fees and costs.

**COMPLAINT** - Page 1

2.

Michael Fuller ("plaintiff"), individually and on behalf of all others similarly situated, brings this action against Comcast of California/Colorado/Florida/Oregon, Inc. ("defendant").

3.

Plaintiff and class members are Oregon consumers charged unfair hidden fees by defendant after switching their home Internet service to Comcast.

4.

Plaintiff has lived at his home in Portland and has been a "person" as defined at ORS 646.605(4) at all times material.

5.

Defendant is a Georgia company and a wholly owned subsidiary of Comcast Corporation.

6.

Defendant has regularly provided Oregon consumers its home Internet services and has been a "person" as defined at ORS 646.605(4) at all times material.

7.

Defendant unfairly profits by deceiving new Oregon customers into paying hidden installation fees and modem kit fees.

8.

 As of the date of this complaint, defendant's parent company is worth over $100 billion dollars.

**COMPLAINT** - Page 2

9.

Venue is proper in this district because plaintiff's home Internet service is provided here, plaintiff and other class members reside here, and defendant regularly conducts its business here.

10.

Plaintiff, on behalf of himself and all class members, seeks fair compensation, injunctive relief, punitive damages, and attorney fees and costs from defendant. Plaintiff does not seek emotional harm damages either individually or on a class basis.

11.

This complaint's allegations are based on personal knowledge as to plaintiff's own conduct and are made on information and belief as to the acts of others.

12.

**FACTUAL ALLEGATIONS**

On or around February 20, 2015 at around 10:30am, plaintiff called defendant at 503-335-3663 and spoke with defendant's agent, identified as Joshua, for about 9 minutes.

13.

Plaintiff told defendant plaintiff was interested in switching his home Internet service from Clear Wireless to Comcast.

14.

Defendant offered to sell plaintiff home Internet service, and defendant promised plaintiff that defendant's home Internet service would work at plaintiff's apartment as soon as plaintiff installed defendant's modem.

**COMPLAINT** - Page 3

15.

Plaintiff asked defendant to list all potential costs associated with switching his home Internet service from Clear Wireless to Comcast.

16.

Defendant explained to plaintiff that the only potential costs were the monthly service cost, the modem rental cost, a refundable deposit, and a potential late fee.

17.

Plaintiff asked defendant whether or not defendant's modem would install in his apartment's existing cable jack.

18.

Defendant told plaintiff that defendant had looked up information specific to plaintiff's apartment number and that defendant was certain its modem would be installed and working in plaintiff's home by the end of the business day, as soon as defendant removed the tap on the line.

19.

Defendant assured plaintiff there would be no installation fees.

20.

Before accepting delivery of defendant's modem at defendant's place of business on February 20, 2015, plaintiff told defendant that plaintiff would not enter any arbitration or class action waiver agreements and defendant told plaintiff that plaintiff was not required to enter any such agreements in order to receive defendant's home Internet service.

**COMPLAINT** - Page 4

21.

When plaintiff arrived home with defendant's modem, plaintiff plugged the modem into the existing Comcast jack in his apartment but the modem would not work as defendant had promised.

22.

Later the next week, defendant's agent came to plaintiff's apartment and installed the modem.

23.

Defendant's agent told plaintiff that plaintiff would not be charged for the installation.

24.

On or around April 22, 2015, at around 11:50am, plaintiff returned defendant's phone call at 1-800-266-2278 and spoke with defendant's agent, identified as Sharon, for about 16 minutes.

25.

During the call, plaintiff asked defendant for an explanation of a $15 modem kit fee and a $70 installation fee defendant claimed plaintiff owed.

26.

Plaintiff told defendant that defendant had never mentioned a modem kit fee or an installation fee before, and that plaintiff had never agreed to pay either fee.

27.

Plaintiff asked defendant what was included in the modem kit fee, as plaintiff was already paying defendant a monthly modem rental cost, and the only product plaintiff received other than the modem was a basic Internet cable.

28.

Defendant told plaintiff that based on the information specific to plaintiff's apartment number, defendant should have known its modem wouldn't have worked in plaintiff's Comcast jack when plaintiff initially ordered service in February 2015.

29.

Only after plaintiff protested, defendant agreed to waive the modem kit fee, and reduce the installation fee in half.

30.

Plaintiff protested the installation fee in its entirety.

31.

On April 22, 2015, defendant collected the disputed $35 installation fee from plaintiff under protest to avoid interruption of service, and defendant provided plaintiff confirmation number 09624J to memorialize the charge.

32.

Plaintiff would not have switched to Comcast if plaintiff was told he would potentially be charged a modem kit fee or installation fee.

**COMPLAINT** - Page 6

33.

Defendant's conduct as alleged above was malicious because defendant intentionally misrepresented that its Internet service would work at plaintiff's apartment on February 20, 2015, as soon as plaintiff installed defendant's modem, in hopes plaintiff would rely on the representation and switch his home Internet service from Clear Wireless to Comcast.

34.

Defendant's misrepresentation was willful based on defendant's subsequent admission that it knew its modem wouldn't have worked in plaintiff's Comcast jack when plaintiff initially ordered service.

35.

As a proximate and direct result of defendant's material misrepresentation, plaintiff was injured and suffered an ascertainable loss of $35 on April 22, 2015.

36.

Plaintiff tried to resolve this matter short of a lawsuit but defendant refused to waive its hidden fee or refund the money it unfairly collected from plaintiff.

37.

Having no other choice, plaintiff now prosecutes defendant to make things right, on behalf of himself, and other Oregonians who paid defendant unfair hidden fees, from April 22, 2014 to April 22, 2015.

38.

Defendant intentionally chose to charge Oregon consumer unfair hidden fees in hopes of wrongfully profiting on a large scale.

**COMPLAINT** - Page 7

OlsenDaines, P.C.
US Bancorp Tower
111 SW 5th Ave., 31st Fl.
Portland, Oregon 97204

39.

Defendant intentionally chose to play the odds, assuming that it would profit by partially waiving its unfair hidden fees in cases where consumers reviewed their charges and complained.

40.

Defendant's choice to secretly profit on unfair hidden fees stood to give it an advantage over other home Internet providers that chose to do business honestly.

41.

Defendant's pattern and practice of collecting unfair hidden fees from Oregon consumers is outrageous and violates the standards of business practices expected of companies doing business in Oregon.

42.

Based upon the facts alleged in this complaint, plaintiff requests equitable relief in the form of an order requiring defendant to remedy its UTPA violation by informing all class members of its potentially hidden fees and refunding moneys defendant unfairly collected from all class members.

43.

Plaintiff brings this action individually and on behalf of all others similarly situated, and asks this Court to certify this case as a class action pursuant to Fed. R. Civ. P. 23.

44.

This action satisfies the Fed. R. Civ. P. 23 requirements of numerosity, commonality, typicality, adequacy, predominance and superiority.

45.

Plaintiff asserts a claim for willful violation of the Oregon Unfair Trade Practices Act under ORS 646.638(8) on behalf of a proposed statewide class (the "class") defined as:

(a) All Oregon persons who defendant caused an ascertainable loss of money by intentionally charging unfair hidden fees after the person switched their home Internet service to Comcast, within the applicable statute of limitations.

46.

Excluded from the claims are any claims for emotional harm that may have been suffered by any person who otherwise fits within the class.

47.

Specifically excluded from the class are all federal judges and members of their families within the first degree of consanguinity, and the officers, directors and counsel of record for defendant.

48.

The proposed plaintiff class meets the prerequisites of a class.

49.

Comcast has over 17 million home Internet customers nationwide and thousands of home Internet customers in Oregon. The class is so numerous that joinder of all members is impracticable. Plaintiff is unable to state the exact number of the members of the class without

**COMPLAINT** - Page 9

US Bancorp Tower
111 SW 5th Ave., 31st Fl.
Portland, Oregon 97204

the discovery of information available to defendant, but upon information and belief avers that there are likely hundreds, if not thousands of class members in Oregon.

50.

The disposition of the claims of the class members through this class action will benefit the parties and this Court and the identities of the individual persons, as well as whether unfair hidden fees were assessed and collected are readily ascertainable through defendant's account records.

51.

Plaintiff's claims are typical of the claims of the class. The claims have the same essential characteristics as the claims of the members of the class as a whole and are based upon identical legal theories. It is the same course of conduct (i.e. misrepresenting the existence of, and hiding unfair fees and charges) that serves as the gravamen of the claims against defendant. The members of the class have suffered the same type of injury (ascertainable loss caused by unfair collection of hidden fees) and possess the same interests as plaintiff. The single resolution of these claims would be preferable to a multiplicity of similar actions.

52.

Plaintiff will fairly and adequately protect the interests of the class. The counsel representing plaintiff and the class are qualified, experienced, able, and have the resources necessary to successfully prosecute a statewide consumer class action in federal court.

53.

Plaintiff and his counsel do not foresee any circumstances where the interests of plaintiff would be adverse to those of the class.

**COMPLAINT** - Page 10

54.

Common questions of law and fact exist as to all members of the class, which predominate over any questions affecting solely individual members of the class, including, without limitation:

(a) Whether defendant's conduct was willful;

(b) Whether defendant's conduct violated the UTPA;

(c) Whether plaintiff and class members sustained ascertainable losses as a result of defendant's violation;

(d) Whether the class members are entitled to an injunction against defendant; and

(e) The proper measure of damages.

55.

This suit is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because the questions of law or fact common to the members of the class predominate over any questions affecting only individual members. Specifically, all members suffered injury as a result of a "common wrong" on the part of defendant and actual damages are easily ascertainable by reference to defendant's records concerning the members of the class.

56.

A class action is superior to other available methods for the fair and efficient adjudication of this controversy because it would be economically impractical for plaintiff and members of the class to pursue individual actions against defendant, as the costs of prosecution would likely

COMPLAINT - Page 11

surpass their individual damages. Further, given the large size of the class, individual adjudication of the claims would require thousands of lawsuits. Moreover, intervention and joinder would require the intervention or joinder of thousands of parties. Individual adjudication, intervention, and joinder, therefore, are not reasonable options. Class treatment is superior to all other methods of adjudicating the claims of the putative class.

57.

This suit is maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the class as a whole. Upon information and belief, defendant continues to engage in the malicious, illegal conduct subject to this complaint and class treatment of this action will permit plaintiff and the class members to vindicate their rights against defendant and conserve the resources of this Court and the parties.

58.

Class treatment of this action will also avoid the possibility of inconsistent outcomes that could result from a multitude of individual actions in varying jurisdictions. Further, the interests of members of the class in individually controlling the prosecution or defense of separate actions do not outweigh the benefits of class treatment. Members of the class possess claims for ascertainable loss that in most instances do not exceed a few hundred dollars. Thus, no individual class member possesses an overriding interest in the right to retain counsel and litigate to conclusion an individual claim. In fact, individual adjudication of these claims remains wholly impractical. The class members would be compelled to spend substantially more money on attorney fees and costs to prosecute their individual claims than the amount of each individual

claim. The interest of members of the class in individually controlling the prosecution or defense of separate actions, therefore, does not outweigh the benefits of class treatment.

59.

Upon information and belief, there are few if any other cases pending by or against members of the class raising the claims asserted herein. This Court is the desirable forum for this controversy because defendant regularly transacts business in Oregon and no significant difficulties are likely to be encountered in the management of a class action. Plaintiff will be able to identify class members through discovery of defendant's extensive computer databases storing information regarding customers who switched to Comcast home Internet in the past year. Thus, no difficulties exist regarding the identification of class members.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**COMPLAINT** - Page 13

OlsenDaines, P.C.
US Bancorp Tower
111 SW 5th Ave., 31st Fl.
Portland, Oregon 97204

60.

## CAUSE OF ACTION

## CLAIM FOR RELIEF

**(Unfair Trade Practices on behalf of the statewide class)**

Plaintiff re-alleges the above paragraphs by reference.

61.

Defendant injured plaintiff and class members through its willful and malicious use of unfair trade practices as detailed above, violating the Oregon Unfair Trade Practices Act generally, and specifically, including and not limited to ORS 646.608(1)(e), (i), (q), (s), and (t).

62.

As a result of defendant's willful and malicious use of unfair trade practices, plaintiff and class members suffered ascertainable economic losses and are entitled to actual or statutory damages, punitive damages, injunctive relief, and reasonable attorney fees and costs pursuant to ORS 646.638.

63.

**DEMAND FOR JURY TRIAL**.

/ / /

/ / /

/ / /

/ / /

/ / /

**WHEREFORE**, after a stipulation or determination that defendant violated the UTPA, plaintiff, individually and on behalf of the proposed class, prays for relief as follows:

(a)　That this action may proceed as a class action under Fed. R. Civ. P. 23, that plaintiff be appointed as the representative for the proposed class, and that plaintiff's counsel be appointed as counsel for the proposed class;

(b)　That plaintiff and the proposed class recover the damages determined to have been sustained by them, with appropriate statutory damages and punitive damages, and that judgment be entered against defendant on behalf of plaintiff and each member of the class;

(c)　That defendant be enjoined as requested in paragraph 42;

(d)　That plaintiff and the proposed class recover reasonable attorney fees and costs; and

(e)　For other equitable relief this Court may determine is fair and just.

DATED: April 23, 2015

　　　　　　　　　　　　　　　　　　　　s/ David Johnson
　　　　　　　　　　　　　　　　　　　　David Johnson, Oregon Bar No. 123553
　　　　　　　　　　　　　　　　　　　　Of Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　　　OlsenDaines, P.C.
　　　　　　　　　　　　　　　　　　　　US Bancorp Tower
　　　　　　　　　　　　　　　　　　　　111 SW 5th Ave., 31st Fl.
　　　　　　　　　　　　　　　　　　　　Portland, Oregon 97204
　　　　　　　　　　　　　　　　　　　　djohnson@olsendaines.com
　　　　　　　　　　　　　　　　　　　　Phone 503-362-9393

**COMPLAINT** - Page 15

## CERTIFICATE OF SERVICE

Pursuant to ORS 646.638(2), I certify that on April 23, 2015, I caused this complaint to be delivered to the following persons by first class regular mail:

**Oregon Attorney General**
**c/o Department of Justice**
**1162 Court Street NE**
**Salem, OR 97301-4096**

DATED: April 23, 2015

                                                  s/ David Johnson
                                                  David Johnson, Oregon Bar No. 123553
                                                  Of Attorneys for Plaintiff
                                                  OlsenDaines, P.C.
                                                  US Bancorp Tower
                                                  111 SW 5th Ave., 31st Fl.
                                                  Portland, Oregon 97204
                                                  djohnson@olsendaines.com
                                                  Phone 503-362-9393

**COMPLAINT** - Page 16

                                                  OlsenDaines, P.C.
                                                  US Bancorp Tower
                                                  111 SW 5th Ave., 31st Fl.
                                                  Portland, Oregon 97204